UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| M&I BANK, FSB,<br><br>              Plaintiff,<br><br>vs.<br><br>BRYAN BREY, et al.,<br><br>              Defendants. | Case No. 2:10-cv-00846-KJD-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION** |

This matter is before the court on Defendant Bryan Brey's failure to file a response to the court's Order to Show Cause (Dkt. #2), entered July 20, 2010. Defendant is proceeding in this action *pro se* and requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis.* This unlawful detainer and removal action was originally filed by Plaintiff M&I Bank, FSB in Justice Court for Las Vegas Township, Clark County, Nevada. Defendant Brey filed a Notice of Removal (Dkt. #1) on June 4, 2010, asserting this case is removable to this court pursuant to 28 U.S.C. § 1332(c)(1) because there is diversity of citizenship between the parties.

The court's Order to Show Cause (Dkt. #2) noted that Defendant Brey submitted the affidavit required by § 1915(a), and although he appeared to qualify for *in forma pauperis* status, it did not appear he had served the Notice of Removal on Plaintiff or the co-defendants pursuant to 28 U.S.C. § 1446(d). The Order to Show Cause (Dkt. #2) also noted this action appeared to be duplicative of and nearly-identical to an earlier action removed by Defendant Brey in 2:10-cv-00702-PMP-PAL. In that case, Defendant Brey filed an Application to Proceed *In Forma Pauperis* and a Notice of Removal (Dkt. #1) of the same state case he seeks to remove here on the same diversity of citizenship grounds. Also, on May 14, 2010, the same day Defendant Brey filed its Application and Notice of Removal, Plaintiff filed an Emergency Motion to Remand (Dkt. #2), asserting that Defendant Brey's Notice of

1  Removal was filed in an attempt to avoid a scheduled hearing before the state court.  Plaintiff also
2  asserted Defendant Brey's Notice of Removal failed to address the requirement of 28 U.S.C. § 1332(a)
3  that the amount in controversy exceed $75,000.00.  Additionally, Plaintiff asserted the Notice of
4  Removal was untimely pursuant to 28 U.S.C. § 1446(b).  On May 18, 2010, District Judge Pro entered
5  an Order (Dkt. #4), granting Plaintiff's Motion (#2) for the reasons stated therein and remanding the
6  case to state court.

7  The Order to Show Cause (Dkt. #2) advised Defendant Brey that as a general matter,
8  "duplicative litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C §
9  1915 as malicious."  *See* 28 U.S.C. § 1915; *see also Cato v. United* States, 70 F.3d 1103, 1105 at n. 2
10 (9th Cir. 1995); *Hernandez v. Denton,* 861 F.2d 1421, 1426 (9th Cir. 1988); *Bailey v. Johnson*, 846
11 F.2d 1019, 1021 (5th Cir. 1988).  The Ninth Circuit has noted that "[d]ismissal of the duplicative
12 lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial
13 economy and the comprehensive disposition of litigation." *Adams v. California*, 487 F.3d 684, 692-93
14 (9th Cir. 2007) (citation omitted).  The court directed Defendant to show cause, in writing, no later than
15 August 6, 2010, why his notice of removal should not be stricken and this case dismissed pursuant to 28
16 U.S.C. § 1915 because this case is duplicative to case number 2:10-cv-00702-PMP-PAL. The court
17 warned Defendant that "[f]ailure to timely comply with this order to show cause will result in a
18 recommendation to the District Judge of case-dispositive sanctions, i.e., that the case be dismissed as a
19 duplicative and malicious lawsuit pursuant to 28 U.S.C. § 1915."  Plaintiff has not complied with the
20 Order to Show Cause (Dkt. #2), nor has he requested additional time in which to comply.

21 Accordingly,

22 **IT IS RECOMMENDED** that this case case be dismissed as a duplicative and malicious
23 lawsuit pursuant to 28 U.S.C. § 1915.

24 Dated this 13th day of August, 2010.

26 _____
27 PEGGY A. LEEN
   UNITED STATES MAGISTRATE JUDGE

28 ///

## **NOTICE**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.